OPINION
{¶ 1} Plaintiff-appellee, American Express Travel Related Services, filed a complaint in the Franklin County Court of Common Pleas for non-payment of a credit card account. The complaint alleged that defendant-appellant, Perry Silverman, had defaulted under the terms and conditions of the Cardholder's Agreement ("Agreement") by failing to make the necessary payments. Appellee sought $27,326.62 plus interest at the rate of six percent, plus costs. Appellee filed a motion for summary judgment which the trial court granted. Appellant filed a notice of appeal, raising the following three assignments of error:
 1 The trial court below erred to the appellant's prejudice by awarding summary judgment to the appellee on an account whose balance due the appellee failed to prove.
 2 The trial court below erred to the appellant's prejudice by failing to sustain the appellant's motion to strike the Affidavit of Jason Harrison, the Platinum Card Member Agreement, and the monthly account statements filed by the appellee.
 3 The trial court below erred to the appellant's prejudice by awarding summary judgment to the appellee where there were issues of material fact.
 {¶ 2} Appellant's assignments of error are related and shall be addressed together. In his first assignment of error, appellant contends that the trial court erred by granting appellee's motion for summary judgment, arguing that appellee failed to prove an account balance existed. In his second assignment of error, appellant contends that the trial court erred in failing to sustain his motion to strike and, in his third assignment of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment because issues of material fact exist.
 {¶ 3} To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the non-moving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Williams v. First United Church ofChrist (1974), 37 Ohio St.2d 150, 151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the non-moving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 4} In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Supreme Court of Ohio stated that the moving party, on the ground that the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. The issue presented by a motion for summary judgment is not the weight of the evidence, but whether there is sufficient evidence of the character and quality set forth in Civ.R. 56 to show the existence or non-existence of genuine issues of fact.
 {¶ 5} When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy.
 {¶ 6} In this case, appellee submitted two affidavits, the Agreement and the account statements for the last few years. Appellant argues that the evidence is insufficient to support summary judgment and that the evidence should have been stricken for lack of authentication. Appellant contends that, since appellee did not submit evidence demonstrating the beginning balance and all charges, debits, and credits on the account, there is insufficient evidence.
 {¶ 7} Appellant's argument is based upon Brown v. Columbus Stamping Mfg. Co. (1967), 9 Ohio App.2d 123, 126, in which this court noted that in order to establish a prima facie case for money owed on an account:
 An account must show the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due.
 {¶ 8} However, Brown was concerned with the sufficiency of a pleading under R.C. 2309.32 when an invoice was attached to the complaint as a copy of the account and that section of the Revised Code was replaced by Civ.R. 19(D). See Gen. Truck Auto Repair v. Wilson (Feb. 23, 1978), Cuyahoga App. No. 36686. In Wolf Automotive v. Rally Auto Parts,Inc. (1994), 95 Ohio App.3d 130, 134, this court stated that it is not necessary that every transaction that has transpired between the parties be included during the entire balance of their business relationship.Brown, at 134.
 {¶ 9} In its motion for summary judgment, appellee asserted that appellant had been issued the credit card approximately 30 years ago. To require appellee to provide 30 years of statements is an unreasonable burden. Appellee did provide more than four years of statements. Appellant's use of the credit card subjected him to a binding contract, which was governed by the terms of the Agreement. In Calvary SPV I, LLCv. Furtado, Franklin App. No. 05AP-361, 2005-Ohio-6884, this court acknowledged that credit card agreements are legally binding contracts and a bank's issuance of the card and a defendant's use of the card creates a binding contract. In Calvary, the bank submitted the Agreement, as well as copies of account statements. The Agreement provides, as follows:
 * * * Please read this Agreement thoroughly, because when you keep, use or sign the enclosed Platinum Card (or any renewal or replacement Card issued to you) you agree to the terms of this Agreement. If you do not wish to be bound by this Agreement, cut the Card in half. * * *
 {¶ 10} Appellant did not challenge that he used the card, nor any of the specific charges, only that appellee did not present the proper proof of the account. It is clear from appellant's use of the card, the Agreement, and the statements, that appellee provided evidence of the account.
 {¶ 11} Appellant also argues that the evidence submitted by appellee should have been stricken for lack of authentication. Appellant contends that the affidavits submitted were based on hearsay.
 {¶ 12} Civ.R. 56(E) provides that an affidavit shall be based on personal knowledge, set forth facts as would be admissible in evidence, and demonstrate that the affiant is competent to testify on such matters. Evidentiary exhibits may be considered when incorporated by reference into a proper affidavit pursuant to Civ.R. 56(E). In order to incorporate such exhibits, the affidavit must state that the materials are true copies of the original documents. State ex rel. Corrigan v.Seminatore (1981), 66 Ohio St.2d 459, 467.
 {¶ 13} The affidavit of Jason Harrison stated he was appellee's representative and was familiar with appellee's records. Ira Axelrod's affidavit stated he had personal knowledge and was competent to testify concerning the matters. Axelrod maintained appellee's books and records and personally knew that the account transaction records were kept in the ordinary course of business and it was appellee's regular practice to keep such records. Axelrod reviewed the books and determined appellant owes $27,326.62, plus interest and the Agreement and transaction records were true and accurate copies. Axelrod also stated that appellee had no record of appellant making a written or verbal dispute to any charge. This affidavit and the exhibits were proper Civ.R. 56 evidentiary materials and the trial court did not err in reviewing such evidence.
 {¶ 14} Finally, appellant argues that the trial court erred in granting the summary judgment motion when there were material facts in dispute. Appellant contends that his affidavit raised a material fact because he stated that he notified appellee by telephone that he disputed certain charges and debits on the account. However, the Agreement provides, as follows:
 We may consider your Account to be in default at any time if you fail to pay us any payment when it is due, or if you breach any other promise or obligation under this Agreement.
 * * *
 We may, subject to applicable law, declare the entire amount of your obligations to us immediately due and payable and suspend or cancel your Account and/or any feature that may be offered in connection with the Account. In the event of your default, and subject to any limitations or requirements of applicable law, you agree to pay all other reasonable costs, including reasonable attorney's fees, incurred by us (1) in collecting the balance due, including Finance Charges, if any, whether or not suit is brought against you, and (2) in protecting ourselves from any harm that we may suffer as a result of your default.
 * * *
 Notify Us in Case of Errors or Questions About Your Bill[.] If you think your bill is wrong, or if you need more information about a transaction on your bill, write us on a separate sheet of paper at the address for billing inquiries listed on your bill. Write to us as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.
 {¶ 15} Thus, to dispute any charges, appellant was required to notify appellee in writing. Appellant admits that he did so by telephone. Appellee has no record of any notifications of a dispute of charges, written or oral. Notification by telephone is insufficient to satisfy appellant's burden to dispute the charges. Moreover, appellant has provided no evidence of the notification, such as the date, the specific charges disputed or any written communication. Thus, no material fact was at issue and the trial court did not err in granting appellee's motion for summary judgment. Appellant's assignments of error are not well-taken.
 {¶ 16} For the foregoing reasons, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.