OPINION
{¶ 1} Defendants-appellants, Vernon Ransom, Roger D. Staton, and Bradley R. Hoyt, appeal the decision of the Warren County Court of Common Pleas, Domestic Relations Division, joining Staton and Hoyt as parties, granting the Warren County Child Support Enforcement Agency's ("CSEA") motion for a restraining order against Staton, Hoyt, and Vernon pursuant to Civ.R. 75, and denying appellants' motion for Civ.R. 11 sanctions and attorney fees.
 {¶ 2} Plaintiff-appellee, Sherrie Ransom, and Vernon Ransom were divorced in September 1990. On April 16, 2004, CSEA filed a motion requesting that the trial court find Vernon in contempt for failing to comply with his child support obligation. On July 28, 2004, the court found that as of May 4, 2004, Vernon owed Sherrie $17,658.66 in child support arrearage, and $2,150.88 to the Ohio Department of Job and Family Services. Further, the court found Vernon in contempt for failing to pay his child support obligation, and imposed a 90-day jail sentence to be served consecutively with a 175-day sentence for previous contempt findings that had been suspended. On February 8, 2005, Vernon was released from jail and the balance of his sentence was suspended subject to a series of review hearings.
 {¶ 3} At the second review hearing, held on October 6, 2005, the trial court ordered Vernon to serve the balance of his sentence. After this hearing, Staton requested a meeting with the trial court judge and the prosecuting attorney who was representing the CSEA. At this meeting, Staton, who had not entered an appearance on Vernon's behalf in this matter, informed the judge and prosecutor that he was representing Vernon as a plaintiff against the city of Franklin in a separate federal civil lawsuit. Staton indicated that Vernon could potentially receive a judgment or a cash settlement in that lawsuit that would allow him to satisfy some or all of his arrearage. Staton indicated that he would submit such a proposal in writing.
 {¶ 4} On October 13, 2005, after receiving no proposal from Staton, CSEA obtained an ex parte court order restraining Vernon and/or Staton from cashing, endorsing, depositing, transferring, or in any other way take action with any and all payment that may be disbursed to them as a result of the federal civil lawsuit. On October 17, 2005, Staton filed a motion opposing the restraining order, requesting an evidentiary hearing, and requesting Civ.R. 11 sanctions. On November 1, 2005, CSEA filed a motion for joinder of Staton and Hoyt as parties, pursuant to Civ.R. 75, and filed an amended motion for a restraining order against Staton and Hoyt.
 {¶ 5} The magistrate held a hearing on November 8, 2005, and on January 31, 2006 issued a decision vacating the October 13 restraining order with respect to Staton, granting the motion to join Staton and Hoyt as parties, and granting the motion for a restraining order against Staton and Hoyt. Appellants filed objections to the magistrate's decision, and the trial court overruled the objections and affirmed the magistrate's decision. Appellants appeal the trial court's decision, raising three assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED BY JOINING ROGER STATON AND BRADLEY HOYT AS PARTIES.
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THE TRIAL COURT ERRED IN ENTERING A RESTRAINING ORDER AGAINST VERNON R. RANSOM, JR."
 {¶ 10} In their first and second assignments of error, appellants argue that the trial court erred in joining Staton and Hoyt as parties pursuant to Civ.R. 75, and that it erred in granting CSEA's motion for a restraining order against Staton, Hoyt, and Vernon. Appellants maintain that their contingency fee agreement with Vernon in his federal civil lawsuit is not an interest in the property subject to a Civ.R. 75 restraining order.
 {¶ 11} Joinder pursuant to Civ.R. 75(B) is within the sound discretion of the trial court. Huener v. Huener (1996), 110 Ohio App.3d 322, 327. Further, an appellate court will not disturb a trial court's decision to deny or grant a temporary restraining order absent an abuse of discretion. TGR Ents., Inc. v. Kozhev, 167 Ohio App.3d 29,2006-Ohio-2915, ¶ 11. See also Schneider v. Schneider (Mar. 29, 1999), Brown App. Nos. CA98-03-007, CA 98-03-009, (holding that the trial court did not abuse its discretion in issuing an ex parte restraining order pursuant to Civ.R. 75). An abuse of discretion connotes more than an error of law or judgment, and implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 12} Civ.R. 75(B)(1) provides:
 {¶ 13} "A person or corporation having possession of, control of, or claiming an interest in property, whether real, personal, or mixed, out of which a party seeks a division of marital property, a distributive award, or an award of spousal support or other support, may be made a party defendant[.]"
 {¶ 14} Further, Civ.R. 75(I)(2) provides:
 {¶ 15} "* * * When it is made to appear to the court by affidavit of a party sworn to absolutely that a party is about to dispose of or encumber property, or any part thereof of property, so as to defeat another party in obtaining an equitable division of marital property, a distributive award, or spousal or other support, or that a party to the action or a child of any party is about to suffer physical abuse, annoyance, or bodily injury by the other party, the court may allow a temporary restraining order, with or without bond, to prevent that action. A temporary restraining order may be issued without notice and shall remain in force during the pendency of the action unless the court or magistrate otherwise orders."
 {¶ 16} According to the record, at the time the trial court joined Staton and Hoyt as parties, they had a valid contingency fee contract with Vernon for their representation of him as a plaintiff in a federal civil lawsuit. Previously, Staton had indicated to the trial court and CSEA that if negotiations in that case resulted in a settlement, the settlement proceeds would be deposited in his trust account. Therefore, it appeared to the trial court that Staton and Hoyt potentially could be in possession of funds that would be subject to CSEA's spousal support arrearage claim. Accordingly, the trial court joined Staton and Hoyt as parties, and later ordered that they are restrained from "cashing, endorsing, depositing or transferring, or in any other way take action with any and all payments that may be disbursed to Vernon Ransom and/or Roger D. Staton and/or Bradley R. Hoyt out of settlement of an action * * * without prior notice to the C.S.E.A. and unless authorized to do so by this Court."
 {¶ 17} In support of the trial court's order joining Staton and Hoyt as parties, CSEA maintains that Staton and Hoyt's contingency fee agreement gives them equitable interest in the settlement proceeds, which is subject to CSEA's claim for child support arrearage. CSEA cites the holding in James, et al. v. Twyman, (June 30, 1994), Lake App. No. 93-L-127, in which the Eleventh Appellate District stated that "when an attorney enters into a valid contingency fee agreement, and obtains a lump sum award * * * for his client, the attorney obtains an equitable interest in the judgment and is thus entitled to have his fee deducted from the award before the remainder of the award is sent to the child support enforcement agency to offset arrearages * * *."
 {¶ 18} However, CSEA's reliance on this case is misplaced. While we agree that Staton and Hoyt had an equitable interest in the potential settlement proceeds in the form of their contingency fee, their interest was only speculative as of the time they were joined as parties, because no settlement had been reached, and no funds had been transferred to Staton or Hoyt. Moreover, Staton and Hoyt's contingency fee itself, which is the basis for their equitable interest in the settlement proceeds, is not subject to CSEA's claim for child support arrearage. Id.
 {¶ 19} With respect to the restraining orders against Staton, Hoyt, and Vernon, Civ.R. 75(I)(2) requires that such a motion be supported by an "affidavit of a party sworn to absolutely that a party is about to dispose of or encumber property, or any part thereof of property, so as to defeat another party in obtaining an equitable division of marital property, a distributive award, or spousal or other support." The record in this case contains no such an affidavit to support any of the motions for restraining orders, and CSEA has stipulated that no such affidavits had been filed. The restraining orders against Staton and Hoyt were based on amended motions filed on November 1, 2005, which were each accompanied by a letter, marked as "Exhibit 1," that Staton had written to the trial court and to CSEA. In this letter, Staton referenced "the possibility of Mr. Ransom signing an assignment of any settlement proceeds * * * toward the payment of any arrearage owed * * *." However, this letter was not a sworn affidavit, and did not indicate that any party was about to dispose of or encumber any property subject to CSEA's child support arrearage claim, or that any party was even in possession of any such property. The restraining order against Vernon was based on the original motion for a restraining order that CSEA filed on October 13, 2005, which included only a memorandum in support of the motion, and alleges only that "[t]here may be a cash settlement of the [pending legal action] prior to litigation in favor of Mr. Ransom."
 {¶ 20} In accordance with the foregoing discussion, we find that the trial court erred in joining Staton and Hoyt as parties, and in granting the restraining orders against Staton, Hoyt, and Vernon without an accompanying affidavit required by Civ.R. 75(I)(2). Appellants' first and second assignments of error are sustained.
 {¶ 21} Assignment of Error No. 3:
 {¶ 22} "THE TRIAL COURT ERRED BY NOT AWARDING SANCTIONS TO ROGER D. STATON INCLUDING ATTORNEY FEES."
 {¶ 23} In their third assignment of error, appellants argue the trial court erred in denying Staton's motion for Civ.R. 11 sanctions against the prosecuting attorney who represented CSEA. We disagree.
 {¶ 24} A trial court's decision to grant or to deny a motion for Civ.R. 11 sanctions or attorney fees will not be disturbed absent an abuse of discretion. Lewis v. Celina Financial Corp. (1995),101 Ohio App.3d 464, 471. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore, 5 Ohio St.3d at 219.
 {¶ 25} Civ.R. 11 states, "Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name * * *." The attorney's signature constitutes certification by the attorney of the following: (1 ) that he or she has read the pleading, motion, or document; (2) that to the best of the attorney's knowledge, information, or belief, the pleading, motion, or document is supported by good grounds; and (3) that the pleading, motion, or document is not interposed for delay. Civ.R. 11. An attorney who willfully violates the rule may be ordered to pay the opposing party's attorney fees. See Civ.R. 11. See, also, Riston v. Butler, 149 Ohio App.3d 390,2002-Ohio-2308, ¶ 9. Civ.R. 11 employs a subjective bad faith standard, so it is the attorney's actual intent or belief that determines whether or not his conduct was willful. Riston at ¶ 9.
 {¶ 26} After reviewing the record, including the testimony of the prosecuting attorney who represented the CSEA, we agree with the trial court's finding that there has been no willful Civ.R. 11 violation. The prosecuting attorney testified that he filed the motions for joinder and for restraining orders in good faith based on Civ.R. 75(B) and (I), and nothing in the record indicates otherwise. While the prosecuting attorney filed these motions in error, he did not willfully violate Civ.R. 11 in doing so. Appellant's third assignment of error is overruled.
 {¶ 27} Judgment affirmed in part and reversed in part.
POWELL, P.J., WALSH and BRESSLER, JJ.