DECISION AND JUDGMENT ENTRY
{¶ 1} Capital One Bank brought this action to recover a debt purportedly owed by Larry N. Nolan under a credit card agreement. The trial court dismissed Capital One Bank's complaint under Civ.R. 41(B)(1) on the grounds it failed to comply with the pleading requirements of Civ.R. 10(D)(1) and the court's order to amend it. However, because the complaint gave Nolan fair notice of the operative facts of the claim, it complied with Civ.R. 10(D)(1) and the trial court should not have dismissed the action. Accordingly, we reverse and remand.
 I. Facts {¶ 2} Capital One Bank filed a complaint alleging that Larry Nolan had defaulted on his credit card agreement and seeking money due on the account. It attached copies of the credit card agreement and two monthly statements showing a past due *Page 2 
balance to the complaint. The statements show Nolan's name, his account number, then current balances, interest rates, and transactions from November and December 2000. The statements do not itemize the purchases that Nolan made; instead, the statements show the transactions as being past due, over-limit, and membership fees. Thus, the statements do not provide a breakdown of what Nolan owed based upon purchases, interest, and fees, nor do they represent a complete record of the account.
 {¶ 3} Although served with process, Nolan did not file an answer to the complaint. Capital One then filed notice of service of its interrogatories, requests for admissions, and requests for production of documents. Nolan did not respond to these discovery requests. However, the trial court, on its own motion, notified Capital One that its complaint failed to properly comply with Civ.R. 10(D)(1), which requires the plaintiff to attach a copy of the account or written instrument to the pleadings. Specifically, the trial court stated that the complaint "was deficient as it does not contain a complete copy of the account as required by civil rule, and the Court of Appeals, Fourth District * * *." The court ordered Capital One to amend its complaint or face dismissal. The trial court granted an extension of time to Capital One to allow it to comply with this order, with the amended complaint due on December 21, 2006. However, rather than file an amended complaint, Capital One filed a motion for a summary judgment supported by an affidavit from a Capital One representative stating that Nolan's balance was due. It also included a copy of a check from Nolan's account signed by Robin K. Nolan, whose name does not appear on the check as an account holder. *Page 3 
 {¶ 4} On November 28, 2006, the trial court dismissed the complaint because of Capital One's failure to amend the complaint as previously ordered. Capital One now brings this appeal.
 II. Assignment of Error {¶ 5} Capital One raises one assignment of error:
 "The trial court erred when it unreasonably, arbitrarily, and unconscionably dismissed Appellant's Complaint as Appellant complied with the Ohio Rules of Civil Procedure and laws of Ohio in bringing its action on an account."
 III. Standard of Review {¶ 6} Rule 41(B)(1) of the Ohio Rules of Civil Procedure provides that, "[w]here the plaintiff fails to * * * comply with these rules or any court order, the court * * * on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. Quonset Hut, Inc. v. Ford Motor Co.
(1997), 80 Ohio St.3d 46, 47, 684 N.E.2d 319; Cummins v. Greene, Meigs App. No. 00CA29, 2002-Ohio-6131, at ¶ 12.
 Accordingly, an appellate court's review of a dismissal pursuant to Civ.R. 41(B)(1) is confined to a determination of whether the trial court abused its discretion. See [Quonset Hut]; Jones v. . Hartranft (1997), 78 Ohio St.3d 368, 678 N.E.2d 530. An abuse of discretion "`connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court * * *.'" Pembaur v. Leis, 1 Ohio St.3d at 91, 437 N.E.2d at 1201, quoting Lever v. Reed Bros. Express, Inc. (1951), 154 Ohio St. 491, 96 N.E.2d 781, paragraph two of the syllabus. When conducting our review using the "abuse of discretion" standard, we may not substitute our judgment for that of the trial court. See Berk v. Matthews (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301.
Id. at ¶ 13. *Page 4 
 IV. The Sufficiency of the Pleadings {¶ 7} Capital One argues that, because the complaint already complied with Rule 10(D)(1), the trial court exceeded its discretion in dismissing its action for failure to comply with the court order directing it to amend the complaint. Capital One does not challenge the trial court's power to order a party to amend its complaint on its own motion, nor does it argue that the trial court erred in dismissing the complaint before the time granted to Capital One to amend the complaint elapsed. Therefore, we do not address those issues.
 {¶ 8} In spite of the fact that Civ.R. 8(A)(1) generally provides for "noticepleading," Civ.R. 10(D)(1) states that, "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading." The trial court in this case, in essence, determined that Capital One had failed to state its claim with sufficient specificity and ordered it to amend the complaint. However, we agree with Capital One that its complaint was sufficient in this case.
 {¶ 9} Although Civ.R. 10(D)(1) requires a copy of the account to be attached to the complaint, the Rule does not define what an account is. However, we have held:
 [i]n order to adequately plead and prove an account, "[a]n account must show the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due." *Page 5 
 Asset Acceptance Corp. v. Proctor, 156 Ohio App.3d 60, 2004-Ohio-623,804 N.E.2d 975, at ¶ 12, quoting Brown v. Columbus Stamping Mfg.Co. (1967), 9 Ohio App.2d 123, 126, 38 O.O.2d 143, 223 N.E.2d 373. Capital One, citing Creditrust v. Richard (July 7, 2000), Clark App. No. 99-CA-94, 2000 WL 896256, argues that the statements attached to the complaint represent an "account stated" and, therefore, that it satisfied the pleading requirements articulated in AssetAcceptance. However, the Second District in Creditrust noted an account stated exists:
 only where accounts have been examined and the balance admitted as the true balance between the parties, without having been paid. In other words, an account stated is based upon an assent to its correctness. * * * An account rendered by one person to another and not objected to by the latter within a reasonable time becomes an account stated.
Id. But, on the face of the pleadings, there is no showing that Nolan received the statements attached to the complaint and failed to object to them. Accordingly, we cannot conclude that Capital One has attached a copy of an account stated to the complaint.
 {¶ 10} Nonetheless, we hold that the trial court erred in ordering Capital One to amend its complaint because its attachments satisfied Civ.R. 10(D)(1) for pleading purposes. Rule 10(D)(1) does not require a plaintiff to attach "a complete copy of the account" as the trial court ordered, nor does it require a creditor to attach a copy of every statement issued to the borrower. See American Express Travel RelatedServs. v. Silverman, Franklin App. No. 06AP-338, 2006-Ohio-6374, at ¶ 8 ("[I]t is not necessary that every transaction that has transpired between the parties be included during the entire balance of their business relationship."). Our holding in Assent Acceptance makes clear that it is not necessary to attach a complete copy of the account; instead, *Page 6 
for pleading purposes, the statement must show the name of the party charged, a beginning balance representing "a provable sum," any debits or credits adjusting the balance for that statement, and a summary of the balance due on the account. Assent Acceptance at ¶ 12. Importantly, at the pleading stage, the beginning balance must be a "provable" sum, not a proven sum. See Id. ("[An account begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum." (emphasis added)). As the Tenth District has held, in order to comply with the requirements of Rule 10(D)(1), the attachment need only "sufficiently apprise[ ] the defendant-appellee of the nature of the plaintiff's claim so as to require him to defend against the claim." General Tire Sales,Inc. v. Gelow (May 25, 1976), 10th Dist. No. 75AP-635, 1976 WL 189730. The Tenth District explained:
 such [a] document as attached to the complaint herein may qualify as an account in that there is a beginning balance. Although not at zero, it is one that can qualify as a provable starting point for such account. There are also set forth on such document, items dated and identified presenting charges or debits, or credits, and a summarization showing the balance as currently due at the time the complaint was submitted. We believe that such could reasonably comply with the requirements as set forth by this court in Brown v. Columbus Stamping Manufacturing Company (1967), 9 Ohio App.2d 123, 223 N.E.2d 373.
Id; see, also, AMF, Inc. v. Mravec (1981) 2 Ohio App.3d 29, 31,440 N.E.2d 600 (suggesting that an account must "at least summarize all of the transactions between the parties."). In Gelow, the Tenth District interpreted its decision in Brown, the case on which we relied inAsset Acceptance.
 {¶ 11} Furthermore, "Civ.R. 8(F) requires that pleadings be `construed as to do substantial justice,' and to that end, pleadings must be construed liberally to serve the *Page 7 
substantial merits of the action." Dicks v. U.S. Health Corp. ofSouthern Ohio (May 10, 1996), Scioto App. No. 95CA2350, 1996 WL 263239. Accordingly, we apply that principle to determine whether a party has satisfied the pleading requirements of Civ.R. 10(D)(1). See Smith v.Board of County Comm'rs of Highland County (Dec. 1, 2000), Highland App. No. 00CA10, 2000 WL 33226171 ("The language contained in a complaint must provide the defending party with `"fair notice of the nature of the action."`" (quoting Rumley v. Buckingham, Doolittle Burroughs,L.P.A. (1998), 129 Ohio App.3d 638, 643, quoting in turn Salamon v. TaftBroadcasting Co. (1984), 16 Ohio App.3d 336, 338, 475 N.E.2d 1292.));General Tire Sales, supra ("The defendant, we feel, has been given notice of the basic transaction, and the instrument supportive thereof, upon which the plaintiff-appellant's claim for relief has arisen.").
 {¶ 12} We hold that Capital One has satisfied the pleading requirements of Rule 10(D)(1). It has provided Nolan "fair notice" of the basic operative facts of the claim, including the amount that it claims due, the relevant dates involved, and the instruments and accounts on which the claim is based. Nolan had the sufficient notice to raise any defenses to this claim, and he could have learned the details necessary for trial through discovery, pretrial conference, and motion practice.
 {¶ 13} Because the complaint was sufficient, Capital One did not need to amend it. Furthermore, because the complaint was sufficient, the trial court abused its discretion in dismissing this action on the grounds that Capital One had failed to amend *Page 8 
the complaint to make it satisfy Civ.R. 10(D)(1).[3] Accordingly, we reverse the judgment
and remand the cause for further proceedings consistent with this opinion.
 JUDGMENT REVERSED AND CAUSE REMANDED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellee shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, J.: Concurs in Judgment and Opinion. Kline, J.: Dissents with Attached Dissenting Opinion.
[3] Rather than amending the complaint of filing some response that indicated why this was unnecessary, Capital One chose to file a motion for summary judgment. This act of apparent noncompliance with the court's order was unwise and risky at best. *Page 9