**CAPITAL ONE BANK, Appellant,**

v.

**DAY, Appellee.**

[Cite as *Capital One Bank v. Day,* 176 Ohio App.3d 516, 2008-Ohio-2789.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 07CA3161.

Decided June 3, 2008.

James Oh and R. Glenn Knirsch, for appellant.

Scott E. Torguson and Callie S. Query, for appellee.

Edward A. Icove, for amicus curiae.

---

McFARLAND, Judge.

{¶ 1} Appellant Capital One Bank appeals the trial court's judgment imposing sanctions for filing an action on an account without complying with the requirements set forth in *Asset Acceptance Corp. v. Proctor,* 156 Ohio App.3d 60, 2004-Ohio-623, 804 N.E.2d 975. Appellant asserts that there is no evidence that it willfully violated Civ.R. 11 and that it complied with the pleading requirements under Civ.R. 10(D)(1). Appellant thus contends that the trial court abused its discretion by determining otherwise. Based upon our recent decision in *Capital One Bank v. Nolan,* Washington App. No. 06CA77, 2008-Ohio-1850, 2008 WL 1758892, we agree with appellant that it complied with the pleading requirements for an action on an account. Therefore, the trial court abused its discretion by imposing sanctions. Accordingly, we sustain appellant's sole assignment of error and reverse the trial court's judgment.

## I. FACTS

{¶ 2} On July 28, 2006, appellant filed a complaint against appellee for an unpaid credit card debt in the amount of $2,551.93. Appellant attached "an account statement" and alleged that "[t]he remaining account records are not attached hereto because, upon information and belief: (a) copies were sent monthly to the Defendant(s), and are or were in Defendant(s)' possession, custody or control; (b) said records were archived by Plaintiff; and/or (c) said account records may be voluminous."

{¶ 3} Appellee filed a motion for a definite statement requesting that appellant attach documents evidencing the account. Appellee further requested the court to impose sanctions because appellant did not attach a proper statement of account that included (1) a starting zero balance, (2) each and every transaction since the zero balance, showing the date, amount, and identification, and (3) a running balance or other arrangement that permits calculation of the amount due. Appellee alleged that appellant's counsel filed an action without "good ground" to believe that the complaint complies with the pleading requirements.

{¶ 4} On September 25, 2006, the trial court granted appellee's motion for a more definite statement. The court ordered appellant to submit an amended complaint that complied with *Asset Acceptance*. Appellant instead dismissed the complaint.

{¶ 5} Appellee subsequently requested that the court schedule a Civ.R. 11 sanctions hearing. After the hearing, appellee filed a posthearing memorandum in which he argued that appellant has a demonstrated pattern of filing complaints lacking the statement of account and then dismissing the action once ordered to produce the statement. Appellee asserted that the court should impose sanctions because appellant has a history of filing baseless complaints.

{¶ 6} On February 23, 2007, the trial court granted appellee's motion for sanctions. The court stated: "The court finds that this plaintiff continues ignoring the Fourth Ohio Appellate District precedence set in January 2004, in the case *Asset Acceptance Corp. v. Proctor* of 2004, 156 [Ohio App.3d 60, 804 N.E.2d 975], and continues to refuse to provide the Rule 10(D) statement, therefore contravening this courts [sic] orders to this plaintiff in April 2005, and September 2005. In as much as this plaintiff continues its refusal to provide an account statement only offering excuses towards non compliance of Rule 10(D) [sic]. Therefore it is appropriate [that] this court grant sanctions against the plaintiff, and or plaintiff's counsel herein." Later, the court amended its prior decision to read: "[A]ttorney Jennifer Kaczka, of Javitch, Block, & Rathbone, is sanctioned for willfully violating Civil Rule 11, in signing and filing the underlying Complaint without attaching a copy of the account as required by Ohio Civil Rule 10(D), and *Asset Acceptance v. Proctor* thereto." The court awarded appellee $1,750.

## II. ASSIGNMENTS OF ERROR

[The trial] court erred in finding a violation of Civil Rule 11 without any evidence of willfulness or the subjective intent of attorney Jennifer Kaczka.

[The trial] court erred by finding that the filing of a complaint without a copy of an accounting from a zero balance constitutes a per se violation of Civil Rule 11 according to *Asset Acceptance v. Proctor*.

## III. LEGAL ANALYSIS

{¶ 7} In its two assignments of error, appellant argues that the trial court abused its discretion by imposing sanctions. Appellant asserts that it had a good-faith basis for filing the complaint and that the trial court wrongly concluded that it failed to comply with the pleading requirements for an action on an account.

## A. STANDARD OF REVIEW

{¶ 8} "We will not reverse a court's decision on a Civ.R. 11 motion for sanctions absent an abuse of discretion. *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966. An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Worrell v. Ohio Police & Fire Pension Fund,* 112 Ohio St.3d 116, 2006-Ohio-6513, 858 N.E.2d 380, ¶ 10." *State ex rel. Dreamer v. Mason,* 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, at ¶ 18.

## B. CIV.R. 11

{¶ 9} Civ.R. 11 provides that for pleadings, motions, and other documents signed by attorneys representing parties in a case, the signature of an attorney "constitutes a certificate by the attorney * * * that the attorney * * * has read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." The rule further provides that "[f]or a willful violation of this rule, an attorney * * *, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule."

{¶ 10} "Civ.R. 11 employs a subjective bad-faith standard to invoke sanctions by requiring that any violation must be willful. *Riston v. Butler,* 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, ¶ 9; *Ransom v. Ransom,* Warren App. No. 2006–03–031, 2007-Ohio-457 [2007 WL 313465], ¶ 25." *State ex rel. Dreamer,* 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, at ¶ 19. Thus, any violation must be willful; negligence is insufficient to invoke Civ.R. 11 sanctions. *Oakley v. Nolan,* Athens App. No. 06CA36, 2007-Ohio-4794, 2007 WL 2702832, at ¶ 13.

{¶ 11} "The United States Supreme Court has observed that the purpose of Fed.R.Civ.P. 11, which is analogous to Civ.R. 11, is to curb abuse of the judicial system because '[b]aseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay.' *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 398, 110 S.Ct. 2447, 110 L.Ed.2d 359. The court noted that the specter of Rule 11 sanctions encourages civil litigants to ' "stop, think and investigate more carefully before serving and filing papers." ' Id., quoting *Amendments to Federal Rules of Civil Procedure* (1983), 97 F.R.D. 165, 192 (March 9, 1982 letter from Judge Walter Mansfield, Chairman, Advisory Committee on Civil Rules)." *Moss v. Bush,* 105 Ohio St.3d 458, 2005-Ohio-2419, 828 N.E.2d 994, at ¶ 21.

{¶ 12} In the case at bar, the trial court found that appellant had willfully violated Civ.R. 11 by filing a complaint that failed to comply with the pleading requirements for an action on account in accordance with our decision in *Asset Acceptance.* Thus, appellant's assignments of error require us to consider whether the trial court properly interpreted *Asset Acceptance* as imposing specific pleading requirements for an action on an account.

## C. PLEADING REQUIREMENTS FOR AN ACTION ON ACCOUNT

{¶ 13} We recently addressed the pleading requirements for an action on account in *Capital One Bank v. Nolan,* Washington App. No. 06CA77, 2008-Ohio-1850, 2008 WL 1758892. In that case, the trial court dismissed Capital One's complaint because the complaint failed to comply with the requirements set forth in *Asset Acceptance.* We determined that the pleading requirements for an action on an account are not as rigid as the trial court believed and explained:

"In spite of the fact that Civ.R. 8(A)(1) generally provides for 'notice pleading,' Civ.R. 10(D)(1) states that, '[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading.' The trial court in this case, in essence, determined that Capital One had failed to state its claim with sufficient specificity and ordered it to amend the complaint. However, we agree with Capital One that its complaint was sufficient in this case.

"Although Civ.R. 10(D)(1) requires a copy of the account to be attached to the complaint, the Rule does not define what an account is. However, we have held:

" '[i]n order to adequately plead and prove an account, "[a]n account must show the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due." ' *Asset Acceptance Corp. v. Proctor,* 156 Ohio App.3d 60, 2004-Ohio-623, 804 N.E.2d 975, at ¶ 12, quoting *Brown v. Columbus Stamping & Mfg. Co.* (1967), 9 Ohio App.2d 123, 126, 38 O.O.2d 143, 223 N.E.2d 373. * * *

" * * * [W]e hold that the trial court erred in ordering Capital One to amend its complaint because its attachments satisfied Civ.R. 10(D)(1) for pleading purposes. Rule 10(D)(1) does not require a plaintiff to attach 'a complete copy

of the account' as the trial court ordered, nor does it require a creditor to attach a copy of every statement issued to the borrower. See *American Express Travel Related Servs. v. Silverman,* Franklin App. No. 06AP–338, 2006-Ohio-6374 [2006 WL 3491741], at ¶ 8 ('[I]t is not necessary that every transaction that has transpired between the parties be included during the entire balance of their business relationship'). Our holding in *Asset Acceptance* makes clear that it is not necessary to attach a complete copy of the account; instead, for pleading purposes, the statement must show the name of the party charged, a beginning balance representing 'a provable sum,' any debits or credits adjusting the balance for that statement, and a summary of the balance due on the account. *Asset Acceptance* at ¶ 12. Importantly, at the pleading stage, the beginning balance must be a 'provable' sum, not a proven sum. See id. ('[A]n account begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, *but at least the balance should be a provable sum.*' (emphasis added)). As the Tenth District has held, in order to comply with the requirements of Rule 10(D)(1), the attachment need only 'sufficiently apprise[ ] the defendant-appellee of the nature of the plaintiff's claim so as to require him to defend against the claim.' *General Tire Sales, Inc. v. Gelow* (May 25, 1976), 10th Dist. No. 75AP–635, 1976 WL 189730. The Tenth District explained:

" '[S]uch [a] document as attached to the complaint herein may qualify as an account in that there is a beginning balance. Although not at zero, it is one that can qualify as a provable starting point for such account. There are also set forth on such document, items dated and identified presenting charges or debits, or credits, and a summarization showing the balance as currently due at the time the complaint was submitted. We believe that such could reasonably comply with the requirements as set forth by this court in *Brown v. Columbus Stamping & Manufacturing Company* (1967), 9 Ohio App.2d 123 [38 O.O.2d 143], 223 N.E.2d 373.' Id.; see, also, *AMF, Inc. v. Mravec* (1981) 2 Ohio App.3d 29, 31 [2 OBR 32], 440 N.E.2d 600 (suggesting that an account must 'at least summarize all of the transactions between the parties'). In *Gelow,* the Tenth District interpreted its decision in *Brown,* the case on which we relied in *Asset Acceptance.*

"Furthermore, 'Civ.R. 8(F) requires that pleadings be "construed as to do substantial justice," and to that end, pleadings must be construed liberally to serve the substantial merits of the action.' *Dicks v. U.S. Health Corp. of Southern Ohio* (May 10, 1996), Scioto App. No. 95CA2350, 1996 WL 263239. Accordingly, we apply that principle to determine whether a party has satisfied the pleading requirements of Civ.R. 10(D)(1). See *Smith v. Board of County Comm'rs of Highland County* (Dec. 1, 2000), Highland App. No. 00CA10, 2000 WL 33226171 ('The language contained in a complaint must provide the

defending party with " 'fair notice of the nature of the action.' " ' (quoting *Rumley v. Buckingham, Doolittle & Burroughs, L.P.A.* (1998), 129 Ohio App.3d 638, 643, 718 N.E.2d 964, quoting in turn *Salamon v. Taft Broadcasting Co.* (1984), 16 Ohio App.3d 336, 338, 475 N.E.2d 1292)); *General Tire Sales,* supra ('The defendant, we feel, has been given notice of the basic transaction, and the instrument supportive thereof, upon which the plaintiff-appellant's claim for relief has arisen').

"We hold that Capital One has satisfied the pleading requirements of Rule 10(D)(1). It has provided Nolan 'fair notice' of the basic operative facts of the claim, including the amount that it claims due, the relevant dates involved, and the instruments and accounts on which the claim is based. Nolan had the sufficient notice to raise any defenses to this claim, and he could have learned the details necessary for trial through discovery, pretrial conference, and motion practice.

"Because the complaint was sufficient, Capital One did not need to amend it. Furthermore, because the complaint was sufficient, the trial court abused its discretion in dismissing this action on the grounds that Capital One had failed to amend the complaint to make it satisfy Civ.R. 10(D)(1). Accordingly, we reverse the judgment and remand the cause for further proceedings consistent with this opinion."

*Capital One Bank v. Nolan,* Washington App. No. 06CA77, 2008-Ohio-1850, 2008 WL 1758892, ¶ 8–13.

{¶ 14} Based upon our decision in *Nolan,* in the instant case, we hold that appellant's complaint satisfied the pleading requirements of Civ.R. 10(D)(1). As in *Nolan,* the complaint includes a credit card statement showing appellee's name, his account number, the interest rate, and the current amount due. The complaint gave appellee fair notice of the claim against him. Moreover, while the account does not begin at zero, it does contain a provable sum as a starting point. Consequently, because appellant satisfied the pleading requirements, the trial court abused its discretion by imposing Civ.R. 11 sanctions.

{¶ 15} Accordingly, we sustain appellant's two assignments of error and reverse the trial court's judgment.

Judgment reversed.

ABELE, J., concurs.

KLINE, J., dissents.

KLINE, J., dissenting.

{¶ 16} I respectfully dissent for the same reason that I dissented in *Capital One v. Nolan,* Washington App. No. 06CA77, 2008-Ohio-1850, 2008 WL 1758892,

¶ 14–19. In my view, Capital One failed to satisfy Civ.R. 10(D) with either records of the entire account or an account stated. As such, I would find that the complaint is deficient.

{¶ 17} Accordingly, I dissent.