DECISION AND JUDGMENT ENTRY
{¶ 1} Crown Asset Management, LLC ("Crown") brought this action to recover a debt purportedly owed by Jeremy Gaul ("Gaul") under an account Citibank assigned to Crown. The trial court granted a summary judgment in favor of Crown and ordered Gaul to pay Crown the account balance of $7,843.39 plus interest and court costs. Gaul contends that Crown failed to properly support its motion for summary judgment because it submitted no evidence that would allow the trial court to independently calculate this balance. Crown contends that Gaul waived this argument because he failed to respond to Crown's motion.
 {¶ 2} Under our holding in Asset Acceptance Corp. v. Proctor,156 Ohio App.3d 60, 2004-Ohio-623, 804 N.E.2d 975, to prove an account, a party must submit evidence of the beginning balance or an "account stated," along with any charges, debits, or *Page 2 
credits, so that the trial court may verify the balance due. Because Crown failed to support its motion with such evidence, it was not entitled to judgment as a matter of law, and Gaul had no obligation under Civ. R. 56(E) to respond to its motion beyond the denials in his answer. Accordingly, we reverse the trial court's judgment.
 I. Facts {¶ 3} In April 2008, Crown filed a complaint alleging that it was the assignee of Gaul's Citibank account and that Gaul owed it $7,843.39 for use of this account. Crown demanded relief in that amount, plus 8% interest from February 21, 2008, costs, and all other proper relief. Crown alleged that the activities giving rise to its claim occurred in Washington County. It also prepared a "Statement of Account" and attached it to the complaint. This statement provided that (1) Gaul was the primary debtor on a specific Citibank account opened September 17, 2004; (2) Gaul's home address was 2820 Conowoods Dr., Springfield, Ohio, 45503; (3) Citibank last received a payment on July 13, 2005; (4) Citibank charged off the account on January 18, 2006; (5) Crown purchased the account on September 6, 2007; and (6) the principal balance and total amount due on the account was $7,843.39.
 {¶ 4} In his pro se answer, Gaul stated that the summons had been sent to his parents' address and that he lived in Athens County. Gaul denied opening a Citibank account on September 17, 2004. He claimed that his credit advisors obtained his credit reports from TransUnion and Equifax, and these reports did not indicate that he owed $7,843.39. Gaul believed that any amount owed on the account was debt accrued by his ex-wife, Melissa S. Gaul. To the best of his knowledge, she lived at 2820 Conowoods Dr., Springfield, Ohio, 45503. *Page 3 
 {¶ 5} Crown filed a motion for leave to file a motion for summary judgment. On June 25, 2008, the trial court granted this motion and accepted Crown's motion for summary judgment filed contemporaneously with it. The court set the matter for a non-oral hearing on July 16, 2008.
 {¶ 6} In its motion for summary judgment, Crown claimed that the total damages Gaul owed it were not in dispute. Crown attached the affidavit of Letch Suttlemyre ("Suttlemyre"), its Legal Services Manager, to the motion. Suttlemyre averred that Crown was the holder in due course and assignee of the account, which originated with Citibank. He further averred that Gaul was the account debtor and that the principal balance due on the account was $7,843.39. Gaul did not file a memorandum contra to Crown's motion. After the trial court entered a summary judgment in favor of Crown on July 17, 2008, awarding it $7,843.39 plus interest and costs, Gaul filed this appeal.
 II. Assignment of Error {¶ 7} Gaul assigns the following error for our review:
 THE TRIAL COURT ERRED IN ITS GRANTING OF SUMMARY JUDGMENT IN THAT IT MISAPPLIED THE LAW OF CAPITAL ONE BANK V. NOLAN, WASHINGTON APP. NO. 06CA77, 2008-OHIO-1850.
 III. Standard of Review {¶ 8} When reviewing a trial court's decision on a summary-judgment motion, an appellate court conducts a de novo review. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 1996-Ohio-336,671 N.E.2d 241. Accordingly, we must independently review the record to determine whether summary judgment was appropriate and do not defer to the trial court's decision. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153. Summary judgment is *Page 4 
appropriate when the movant has established: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, with the evidence against that party being construed most strongly in its favor. Bostic v. Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46. See Civ. R. 56(C).
 {¶ 9} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v.Burt (1996), 75 Ohio St.3d 280, 294, 1996-Ohio-107, 662 N.E.2d 264. Once the movant supports the motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ. R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Id. (emphasis added).
 IV. Analysis {¶ 10} Gaul contends that the trial court erred in granting a summary judgment because Crown provided no documentation that would permit the trial court to independently calculate the $7,843.39 balance Crown claimed he owed. "Because an action on an account is founded upon contract, the plaintiff must prove the necessary elements of a contract action, and, in addition, must prove that the contract involves a transaction that usually forms the subject of a book account." AssetAcceptance Corp., *Page 5 
supra, at ¶ 12, citing Gabriele v. Reagan (1988), 57 Ohio App.3d 84, 87,566 N.E.2d 684. To adequately plead and prove an account:
 [a]n account must show the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum.[1] Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due.
Id., quoting Brown v. Columbus Stamping Mfg. Co. (1967),9 Ohio App.2d 123, 126, 223 N.E.2d 373.
 {¶ 11} Here, Crown's only evidence of the balance owed on the account was a conclusory statement in Suttlemyre's affidavit that the balance was $7,843.39. Gaul did not admit that he owed Crown this amount. Crown provided no evidence of the account's beginning balance or an "account stated," or any charges, debits, or credits so that the trial court could independently calculate the balance due. Therefore, Crown did not provide the necessary information to prove the amount due on the account.
 {¶ 12} Crown contends that Gaul waived his right to contest the alleged $7,843.39 balance because he did not respond to Crown's motion for summary judgment or otherwise object to Suttlemyre's affidavit. We have previously held that "[f]ailure to object to the court's consideration of the evidence submitted in support of a motion for summary judgment constitutes waiver of any alleged error in the consideration of the evidence." Nationwide Mut. Fire Ins. Co. v.Wittekind (1999), 134 Ohio App.3d 285, 289, 730 N.E.2d 1054. Crown misinterprets this principle. By failing *Page 6 
to respond to Crown's motion, Gaul waived any error in the trial court's consideration of inappropriate forms of evidentiary material Crown submitted to support its motion. For instance, the trial court could consider Suttlemyre's affidavit even if it was not based on his personal knowledge as required by Civ. R. 56(E). See id.
 {¶ 13} However, Gaul's failure to respond to the motion for summary judgment did not relieve Crown of its burden to show that all of the requirements of Civ. R. 56(C) were satisfied. See Sohio Oil Div. of BPOil v. Neff (June 29, 1993), Franklin App. No. 93AP-482, 1993 WL 268425, at *2. Under Civ. R. 56(E), the nonmoving party can rest on the mere allegations or denials of his pleadings if the moving party is not entitled to judgment as a matter of law. Because Suttlemyre's affidavit did not provide sufficient information to prove the account under the standard we outlined in Asset Acceptance Corp., Crown was not entitled to judgment as a matter of law, and Gaul had no duty to respond to the motion.
 {¶ 14} Gaul also contends that the trial court improperly granted a summary judgment because his answer "raised affirmative defenses, fraud, and other issues that should have put the Trial Court and Plaintiff on notice that there did exist material questions as to fact and law." According to Gaul, the issues raised by his answer, coupled with the fact that he acted pro se at the trial level, made summary judgment "inappropriate." Although we have already determined that the trial court improperly granted Crown a summary judgment, we will briefly address these arguments.
 {¶ 15} Assuming Gaul properly raised any affirmative defenses in his answer, as the party moving for summary judgment, Crown did not bear the initial burden of addressing those affirmative defenses. See Todd Dev.Co. v. Morgan, *Page 7 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, syllabus. Thus, Crown's failure to discuss those defenses in its motion would not have prohibited a summary judgment in its favor. Futhermore, had Crown properly supported its motion for summary judgment under Civ. R. 56(C), Gaul could not rely on his pro se status and the mere denials in his answer to alert the trial court that a genuine issue of material fact existed. See Civ. R. 56(E). See, also, Selvage v. Emnett, Scioto App. No. 08CA3239, 2009-Ohio-940, at ¶ 13 ("It is well-established that pro se litigants are held to the same rules, procedures, and standards as litigants who are represented by counsel[.]"). Therefore, we reject these arguments as a basis for reversing the trial court's judgment.
 {¶ 16} Because Crown failed to prove the account under the standard we outlined in Asset Acceptance Corp., it was not entitled to judgment as a matter of law, and the trial court improperly granted it a summary judgment. Accordingly, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellee shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. McFarland, J.: Concur in Judgment and Opinion.
[1] An "account stated" exists where the account has been examined and the balance admitted as the true balance between the parties. It is based upon an assent to its correctness and can be implied when an account is rendered by the creditor to the debtor and the debtor fails to object within a reasonable amount of time. See Capitol One Bank v.Nolan, Washington App. No. 06CA77, 2008-Ohio-1850, at ¶ 9. *Page 1