[Cite as *Chase Bank, USA v. Curren*, 191 Ohio App.3d 507, 2010-Ohio-6596.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

CHASE BANK, USA,                          :           Case No. 10CA2

         Appellee,                  :

                                       :        <u>DECISION AND</u>
        v.                            :        <u>JUDGMENT ENTRY</u>

                                       :
CURREN,                          :        **RELEASED 12/21/10**

         Appellant.                :

_____

APPEARANCES:

Weltman, Weinberg & Reis Co., L.P.A., and Jon P. Clemons, for appellee.

Jon C. Hapner, for appellant.

_____

Harsha, J.

{¶ 1}  Chase Bank, USA brought this action to recover a debt purportedly owed to it by Conrad Curren on a credit card account.  The trial court granted a summary judgment in favor of Chase and ordered Curren to pay $10,385.53 along with various amounts of interest and costs.  On appeal, Curren contends that Chase failed to properly support its motion for summary judgment.  He also contends that even if Chase had met its initial burden to demonstrate its entitlement to a summary judgment, he put forward sufficient evidence to create genuine issues of material fact for trial.

{¶ 2}  To support its motion for summary judgment, Chase submitted an affidavit from its "duly authorized agent" that had copies of account statements attached to it.  Curren contends that the trial court abused its discretion when it considered this

evidence.  We agree.  No evidence indicates that the agent made his averments based on personal knowledge, as Civ.R. 56(E) requires.  Moreover, the agent's averments fail to properly authenticate the account statements as business records under Evid.R. 803(6), so the documents constitute inadmissible hearsay.  Because Chase failed to support its motion with admissible evidence that would allow the trial court to independently calculate the balance due, Chase was not entitled to judgment as a matter of law.  Therefore, we reverse the trial court's judgment.  This decision renders moot Curren's additional argument that he properly rebutted Chase's summary-judgment motion.

## I.  Facts

{¶ 3}   Chase filed a complaint in the Highland County Court alleging that Curren had applied for a credit-card account with Chase, that Chase had exercised its right under the account agreement to "accelerate the time for payment of the entire balance due," that the amount then due was $10,385.53, and that Curren had failed to pay the balance on demand.  Chase sought a judgment for (1) the "principal sum" of $10,385.53, (2) $1,160.91 in interest accrued "through November 18, 2008," (3) interest on the principal balance after November 18, 2008 "at the rate of 8.000% per annum," and (4) costs.  Chase attached a copy of a "Cardmember Agreement" and an account statement depicting a $10,385.53 balance to the complaint.  In his answer, Curren admitted that he applied for a credit-card account with Chase but denied the remaining allegations.  Curren also filed a counterclaim, which prompted the court to transfer the matter to the Highland County Court of Common Pleas.  However, Curren subsequently dismissed the counterclaim under Civ.R. 41(A).

{¶ 4} Following a number of motions not relevant here, Chase filed a motion for summary judgment and attached the affidavit of Ruben A. Alcaraz to its motion. Alcaraz made the following averments:

> Now comes Ruben A. Alcaraz, who first being duly sworn, deposes and states as follows:
>
> That s/he is the duly authorized agent of Chase Bank, the Plaintiff in the within matter.
>
> Affiant states that there is due from the Defendant, Conrad Curren, in this matter the principal sum of $10,385.53 plus accrued interest in the sum of $971.98 through August 28, 2008, plus interest thereafter on the principal balance at the rate of 8.000% per annum and costs.
>
> Attached hereto as Exhibit A are true and exact copies of Account Statements sent to Defendant. These Account Statement [sic] evidence Defendant's acceptance of the credit card at issue, his use of the account, and numerous purchases and payments made by Defendant.
>
> Attached hereto as Exhibit B is a true and correct copy of the Platinum Visa Credit Card Application executed by Defendant. The Application bears Defendant's signature and personal identification, and evidences his Application for the Credit Card Account at issue.
>
> Affiant further states that there have been no payments made nor are there any credits due the Defendant* [sic] which would reduce the above mentioned balance.
>
> Affiant further states that to the best of his/her knowledge, the Defendant Conrad Curren is not a minor, not in the military service and under no mental defect.

Apparently the following documents were attached to the affidavit: (1) a credit card application purportedly signed by Curren and dated May 4, 2005, and (2) account statements that show the progression of the account from a balance of $0 to $10,385.53 as of August 11, 2007.[1]

---

[1] These exhibits total 61 pages and immediately follow the affidavit in the record on appeal. The documents appear to have once been physically attached to the affidavit (as evidenced by staple holes) but currently are not. In addition, we note that the affidavit misidentifies the exhibits. The first page of the

{¶ 5}   In his opposing memorandum, Curren argued that Alcaraz's affidavit did not comply with Civ.R. 56(E) because it "[did] not state the authority or the position of the affiant in the matter, and clearly [did] not state any personal knowledge of the affiant."  He claimed that the interest rate applied to his account was "usurious."  He also argued that there were "discrepancies in the various charges set forth by [Chase]" and that "it appears there are charges in this case that could not have been made by [him] * * *."  Curren attached his own affidavit to support his arguments.

{¶ 6}   The trial court found that Alcaraz's affidavit was admissible, that there were no genuine issues of material fact, and that Chase was entitled to judgment as a matter of law.  The court awarded Chase "$10,385.53 plus interest accrued in the sum $971.98 through August 28, 2008, plus interest at the rate of 8.0% per annum until judgment."  The court found that after the judgment, interest would accrue at the "judgment rate" and awarded Chase costs.  This appeal followed.

## II.  Assignments of Error

{¶ 7}   Curren assigns the following errors for our review:

### FIRST ASSIGNMENT OF ERROR

The Trial Court erred to the detriment of the defendant in granting summary judgment in favor of the plaintiff and against the defendant when genuine issues of material fact do exist, to wit:

1.      Many of the charges claimed by the plaintiff were not made by the defendant.

2.      The plaintiff changed the terms of the contract without notice or consent of the defendant.

3.      The interest charges were usurious, against the

---

exhibits appears to be the card application Alcaraz designates as Exhibit B; however, it does not contain an exhibit number.  The remaining 60 pages of exhibits appear to be the account statements Alcaraz refers to as Exhibit A, but the first page of the statements is marked "EXHIBIT B."

statutory limit and against public policy.

SECOND ASSIGNMENT OF ERROR

The Trial Court erred to the detriment of the Defendant/Appellant as a genuine issue of material fact existed when the Defendant/Appellant submitted an affidavit denying charges on the credit card bills and the Trial Court awarded damages without a hearing on said account.

{¶ 8}   In between his first and second assignments of error, Curren states: "The Trial Court erred to the detriment of the defendant when it granted summary judgment on the basis of an improper affidavit and unauthenticated document." Although Curren characterizes this statement as an "Issue[ ] to be Decided" within the first assignment of error, the subject matter of the statement bears no relation to any of the topics specified in that assignment. Therefore, this "issue" should have been characterized as a separate assignment of error, and we will treat it as Curren's third assignment of error.

{¶ 9}   Chase contends that under App.R. 9(B), we should disregard this assignment of error. App.R. 9(B) involves the record on appeal and provides:

Unless the entire transcript is to be included [in the record on appeal], the appellant, with the notice of appeal, shall file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript that the appellant intends to include in the record, a statement that no transcript is necessary, or a statement that a statement pursuant to either App.R. 9(C) or 9(D) will be submitted, and *a statement of the assignments of error the appellant intends to present on the appeal*. If the appellee considers a transcript of other parts of the proceedings necessary, the appellee, within ten days after the service of the statement of the appellant, shall file and serve on the appellant a designation of additional parts to be included. The clerk of the trial court shall forward a copy of this designation to the clerk of the court of appeals.

(Emphasis added).

{¶ 10} Because Curren did not request a transcript, he served Chase with a statement of the errors he intended to present on appeal under App.R. 9(B). This

statement included only the first assignment of error listed above.  Chase does not complain about Curren's addition of the second assignment of error to his brief, presumably because Chase considers his first and second assignments of error to be "interrelated."  However, Chase argues that Curren waived his third assignment of error because he did not include it in the App.R. 9(B) statement.  However, the purpose of App.R. 9(B)'s notification rule is to give the appellee an opportunity to add portions of the transcript to the record that he thinks might be necessary for resolution of the issues the appellant intends to raise.  See generally Painter and Pollis, Ohio Appellate Practice (2010-2011 Ed.), Section 4:11.  Chase does not complain that Curren's failure to include the third assignment of error in his App.R. 9(B) statement prejudiced it because the record lacks pertinent portions of the transcript that Chase could have ordered with sufficient notice.  Moreover, all of Curren's assignments of error address the propriety of the court's award of summary judgment.  The court did not hold an oral hearing on the summary-judgment motion, and the record does not indicate the existence of any other transcript potentially relevant to this appeal.  Therefore, we conclude that Curren did not waive his third assignment of error by failing to include it in the App.R. 9(B) statement.

{¶ 11} In addition, we note that due to Curren's erroneous characterization of his third assignment of error as an "Issue[ ] to be Decided," Curren presented only one argument for his first and third assignments of error.  App.R. 16(A)(7) requires separate arguments for each assignment of error.  "While appellate courts may jointly consider two or more assignments of error, the parties do not have the same option in presenting their arguments."  *Keffer v. Cent. Mut. Ins. Co.*, Vinton App. No. 06CA652, 2007-Ohio-3984, at ¶ 8, fn. 2.  Thus, we would be within our discretion to simply disregard Curren's

first and third assignments of error and summarily affirm the trial court's judgment with regard to them. App.R. 12(A)(2); *Keffer* at ¶ 8, fn. 2. Nonetheless, we will review all Curren's arguments. But for ease of analysis, we will address his assignments of error out of order.

### III. Standard of Review

{¶ 12} Curren contends that the trial court erred in granting Chase a summary judgment. When reviewing a trial court's decision on a motion for summary judgment, we conduct a de novo review governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, at ¶ 8. Summary judgment is appropriate when the movant has established (1) that there is no genuine issue of material fact, (2) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, with the evidence against that party being construed most strongly in its favor, and (3) that the moving party is entitled to judgment as a matter of law. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. See Civ.R. 56(C).

{¶ 13} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 662 N.E.2d 264. To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); See also *Hansen v. Wal-Mart*

*Stores, Inc.*, Ross App. No. 07CA2990, 2008-Ohio-2477, at ¶ 8. Once the movant

supports the motion with appropriate evidentiary materials, the nonmoving party "may

not rest upon the mere allegations or denials of the party's pleadings, but the party's

response, by affidavit or as otherwise provided in this rule, must set forth specific facts

showing that there is a genuine issue for trial." Civ.R. 56(E). "If the party does not so

respond, summary judgment, if appropriate, shall be entered against the party." Id.

## IV. Proving an Account

{¶ 14} "Because an action on an account is founded upon contract, the plaintiff

must prove the necessary elements of a contract action, and, in addition, must prove

that the contract involves a transaction that usually forms the subject of a book

account." *Crown Asset Mgt., L.L.C. v. Gaul*, Washington App. No. 08CA30, 2009-Ohio-

2167, at ¶ 10, quoting *Asset Acceptance Corp. v. Proctor*, 156 Ohio App.3d 60, 2004-

Ohio-623, 804 N.E.2d 975, at ¶ 12. For a creditor to adequately plead and prove an

account, the account "must show the name of the party charged." Id., quoting *Asset*

*Acceptance Corp.* at ¶ 12, quoting *Brown v. Columbus Stamping & Mfg. Co.* (1967), 9

Ohio App.2d 123, 126, 223 N.E.2d 373. Moreover, the account must "begin[ ] with a

balance, preferably at zero, or with a sum recited that can qualify as an account stated,

but at least the balance should be a provable sum.[2] Following the balance, the item or

items, dated and identifiable by number or otherwise, representing charges, or debits,

and credits, should appear. Summarization is necessary showing a running or

---

[2] "An 'account stated' exists where the account has been examined and the balance admitted as the true balance between the parties. It is based upon an assent to its correctness and can be implied when an account is rendered by the creditor to the debtor and the debtor fails to object within a reasonable amount of time." *Crown Asset Mgt., L.L.C.* at ¶ 10, fn. 1, citing *Capital One Bank v. Nolan*, Washington App. No. 06CA77, 2008-Ohio-1850, at ¶ 9.

developing balance or an arrangement which permits the calculation of the balance claimed to be due."  Id.

V.  Chase's Initial Summary-Judgment Burden

{¶ 15} In his third assignment of error, Curren complains that Chase failed to meet its initial burden to demonstrate its entitlement to a summary judgment.  Chase filed Alcaraz's affidavit to support its summary-judgment motion.  Curren complains that the court erred when it considered the affidavit and attached account statements because Alcaraz's averments were not based on personal knowledge and failed to lay the proper foundation for admission of the attached documents.  He also contends that Alcaraz failed to properly sign the affidavit because it is "initialed[,] not signed."

{¶ 16} "For evidentiary material attached to a summary judgment motion to be considered, the evidence must be admissible at trial."  See Civ.R. 56(E) and *Pennisten v. Noel* (Feb. 8, 2002), Pike App. No. 01CA669, 2002 WL 254021, at *2.  Although we conduct a de novo review of the trial court's decision to grant summary judgment, we review the court's rulings on the admissibility of evidence for an abuse of discretion. *Lawson v. Y.D. Song, M.D., Inc.* (Sept. 23, 1997), Scioto App. No. 97 CA 2480, 1997 WL 596293, at *3.  See *State v. Sage* (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, at paragraph two of the syllabus.  The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable.  *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.  When applying the abuse-of-discretion standard, a reviewing court may not substitute its judgment for that of the trial court.  *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶ 17} Civ.R. 56(E) states:  "Supporting and opposing affidavits shall be made on

personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." "Personal knowledge" is " '[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said.' " *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, at ¶ 26, quoting Black's Law Dictionary (7th Ed.Rev.1999) 875. It is " 'knowledge of factual truth which does not depend on outside information or hearsay.' " *Residential Funding Co., L.L.C. v. Thorne*, Lucas App. No. L-09-1324, 2010-Ohio-4271, at ¶ 64, quoting *Modon v. Cleveland* (Dec. 22, 1999), Medina App. No. 2945-M, 1999 WL 1260318, at *2.

{¶ 18} Here, Alcaraz did not explicitly state that his averments were made on "personal knowledge." Contrary to Curren's assertion, this omission is not fatal to the affidavit's admissibility. "[P]ersonal knowledge may be inferred from the contents of an affidavit * * *." *Carter v. U-Haul Internatl.*, Franklin App. No. 09AP-310, 2009-Ohio-5358, at ¶ 10; *Flagstar Bank F.S.B. v. Diehl*, Ashland App. No. 09 COA 034, 2010-Ohio-2860, at ¶ 25.

{¶ 19} However, in this case, the contents of Alcaraz's affidavit were insufficient for the trial court to make such an inference. Alcaraz vaguely avers that he is a "duly authorized agent of Chase Bank" and that "there is due" from Curren various amounts of money. But none of Alcaraz's averments demonstrate that he has any personal knowledge about Curren's account. The basis for Alcaraz's knowledge of the balance due appears to be his review of the account statements attached to the affidavit, which

as we explain below, constitute inadmissible hearsay.  Moreover, we note that Alcaraz's averments standing alone would be insufficient to prove the claimed account balance of $10,385.53 because the court could not independently calculate the balance from those averments.  See *Crown Asset Mgt., L.L.C.*, 2009-Ohio-2167, at ¶ 11.

**{¶ 20}** The account statements attached to Alcaraz's affidavit constitute the only evidence Chase submitted from which the court could independently calculate the alleged $10,385.53 balance.  However, they constitute inadmissible hearsay.  Hearsay is an out-of-court statement offered for the truth of the matter asserted.  *Proctor v. Hall*, Lawrence App. Nos. 05CA3 and 05CA8, 2006-Ohio-2228, at ¶ 37, citing Evid.R. 801(C).  Chase submitted the account statements to prove the truth of the matters those documents asserted, i.e., that Curren made various purchases and payments on the account, resulting in a $10,385.53 balance.  These records might have qualified for the business-records exception to the hearsay rule, see Evid.R. 803(6), but Alcaraz's affidavit failed to lay the proper foundation for their admissibility.

**{¶ 21}** Evid.R. 803(6) provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

* * *

**(6) Records of regularly conducted activity.**  A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.  The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or

not conducted for profit.

{¶ 22} "While the witness need not have personal knowledge of the creation of the particular record in question, and need not have been in the employ of the company at the time the record was made[,]* * * he must be able to vouch from personal knowledge of the record-keeping system that such records were kept in the regular course of business." *State v. Davis* (1991), 62 Ohio St.3d 326, 342, 581 N.E.2d 1362, quoting *Dell Publishing Co. v. Whedon* (S.D.N.Y.1984), 577 F.Supp. 1459, 1464, fn. 5. But here, Alcaraz did not aver that he had personal knowledge of the creation of these records or of Chase's record-keeping system, and that knowledge cannot be inferred from the affidavit. Thus, Alcaraz's affidavit did not authenticate the attached documents under Evid.R. 803(6). Therefore, the trial court abused its discretion when it considered the affidavit and account statements to decide the summary-judgment motion. See generally *Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, 869 N.E.2d 30, at ¶ 11 (in deciding summary-judgment motion, trial court erred by considering documents that purported to assign a credit-card account when the documents were not filed "with an accompanying affidavit setting forth a proper foundation under Evid.R. 803(6) for their admissibility into evidence").

{¶ 23} Curren did not admit that he owed Chase the $10,385.53 balance alleged due. And without the account statements, Chase had no other evidence that would permit the court to independently calculate the claimed balance. Accordingly, Chase was not entitled to judgment as a matter of law. See *Crown Asset Mgt., L.L.C.*, 2009-Ohio-2167, at ¶ 16.

{¶ 24} We sustain Curren's third assignment of error in part, reverse the trial

court's judgment, and remand for further proceedings consistent with this opinion.  This

decision renders moot Curren's argument that Alcaraz did not properly sign the affidavit.

It also renders moot Curren's first and second assignments of error, in which he

contends that he properly rebutted Chase's summary-judgment motion, so we need not

address them.  App.R. 12(A)(1)(c).

Judgment reversed
and cause remanded.

McFARLAND, P.J., and ABELE, J., concur.