[Cite as *Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 2012-Ohio-3463.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97829**

## MUNICIPAL CONSTRUCTION EQUIPMENT, ETC., ET AL.

PLAINTIFFS-APPELLANTS

vs.

## CLEVELAND, OHIO, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-762701

**BEFORE:** S. Gallagher, J., Cooney, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 2, 2012

**ATTORNEY FOR APPELLANTS**

Stewart D. Roll
Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A.
55 Public Square
Suite 1950
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEES**

Barbara Langhenry
Interim Director of Law

James C. Cochran
Assistant Director of Law
City of Cleveland Department of Law
601 Lakeside Avenue, Room 106
Cleveland, OH   44114

SEAN C. GALLAGHER, J.:

**{¶1}** Plaintiffs-appellants, Municipal Construction Equipment Operators' Labor Council and Theodore A. Filip (collectively "appellants"), appeal the decision of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of defendants-appellees, city of Cleveland and Cleveland Civil Service Commission ("CCSC") (collectively "the City"). For the reasons stated herein, we affirm.

**{¶2}** On August 24, 2011, appellants filed a complaint seeking injunctive and declaratory relief. Appellants sought to remove Jonas Bates, Jr., from the eligibility lists for the positions of Class "A" and Class "B" construction equipment operator on the alleged grounds that Bates falsely represented his qualifications on his application. Appellants asserted that CCSC failed to comply with the mandate of the Charter of the City of Cleveland, Section 128(e), requiring the City's civil service rules to provide "[f]or the rejection of candidates or eligibles [for employment] * * * who have attempted deception or fraud in connection with any test." Cleveland Civil Service Rule 5.30 states that CCSC "may" remove an eligible from an eligibility list for attempted deception or fraud in connection with any application or test or for willfully making a false statement.

**{¶3}** The City moved for summary judgment and asked the court to dismiss the action because there was no longer an actual controversy and the case was not justiciable. In support of their amended motion for summary judgment, the City submitted

supporting documents demonstrating that the eligibility lists for Class "A" and Class "B" construction equipment operator had been voided by CCSC at their regular meeting held on November 11, 2011. CCSC also determined that the classifications would be retested in the future, with the date yet to be scheduled. As such, Bates was no longer an applicant or considered eligible for appointment from the voided eligibility lists. Further, Bates attested in an affidavit that he has been in Maryland attending to the needs of his son who was injured in Afghanistan and that he has no interest in reapplying for a construction equipment operator position with the City. Upon this evidence, the City argued that the action was moot and claimed the court was not required to issue a declaratory judgment.

{¶4} Appellants opposed the motion. They argued that the evidence failed to comply with the requirements of Civ.R. 56(E), that voiding the eligibility lists did not preclude defendants from hiring Bates, that Bates had not declared that he would not accept employment, that genuine issues remained in dispute, and that the action was justiciable.

{¶5} The trial court granted the motion for summary judgment without opinion. This appeal followed. Appellants filed a motion to remand the matter to the trial court, claiming that the trial court's opinion failed to address the issues presented in the declaratory judgment action. We granted the motion and issued a remand order. Because no instructions were given in the remand order, the trial court returned the file to this court with a request for clarification. Upon further review, we believe the remand

had been improvidently ordered.  Appellants filed a motion requesting that the matter be removed from oral argument and returned to the trial court for compliance with our order of remand.   We denied this motion.

{¶6} Appellants have presented two assignments of error for our review.   The first assignment of error provides as follows:

> The trial court erred in its December 30, 2011, journal entry, granting defendants' motion for summary judgment, because (a) appellees' motion failed to satisfy the standards for granting summary judgment, (b) issues of fact remained to be litigated, (c) appellees' affidavits failed to satisfy the requirements of Civ.R. 56(E), and (d) the case is justiciable.

{¶7} In order to be entitled to a declaratory judgment, the following prerequisites must be present:   (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties.  *Haig v. Ohio State Bd. of Edn.*, 62 Ohio St.3d 507, 511, 584 N.E.2d 704 (1992); *Burger Brewing Co. v. Liquor Control Comm.*, 34 Ohio St.2d 93, 97, 296 N.E.2d 261 (1973).   Although the City has not filed an appellate brief, the record reflects that the City moved for summary judgment on the grounds that the action had been rendered moot and there is no justiciable controversy.

{¶8} A trial court's determination concerning the appropriateness or justiciability of a declaratory-judgment action is reviewed for an abuse of discretion.  *Arnott v. Arnott*, __ Ohio St.3d __, 2012-Ohio-3208, __ N.E.2d __.   "An abuse of discretion implies an

unreasonable, arbitrary, or unconscionable attitude." *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections*, 80 Ohio St.3d 302, 305, 1997-Ohio-315, 686 N.E.2d 238.

{¶9} In support of the amended motion for summary judgment, the City submitted the affidavit of Lucille Ambroz, who is the secretary of CCSC and is a member of the five-member commission. She attested to the fact that CCSC voided the eligibility lists for Class "A" and Class "B" construction equipment operator and that persons on those lists, including Bates, were no longer eligible for appointment to the position. The City also submitted an affidavit from Bates, who attested that he is not interested in reapplying for such a position with the City.

{¶10} While appellants argue that the affidavits do not specifically state that they are based upon personal knowledge, a specific statement of "personal knowledge" is not necessarily required. *OhioHealth Corp. v. Ryan*, 10th Dist. No. 10AP-937, 2012-Ohio-60, ¶ 31-32. Civ.R. 56(E) states that supporting affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Ohio courts have found that personal knowledge may be inferred from the contents of an affidavit. *Id*. at ¶ 32; *Chase Bank, USA v. Curren*, 191 Ohio App.3d 507, 2010-Ohio-6596, 946 N.E.2d 810, ¶ 18 (4th Dist.).

{¶11} Here, it can reasonably be inferred from the affidavits that the affiants had personal knowledge of the information contained therein. Ambroz is the secretary of

CCSC and is a member of the commission. As such, she would have knowledge of CCSC's decisions relating to this matter. Further, Bates would have personal knowledge of his lack of intent to reapply for the position of construction equipment operator with the City. Accordingly, we reject appellants' argument and find these affidavits meet the requirements of Civ.R. 56(E).

{¶12} Appellants further claim that an actual controversy still exists because the City still could hire Bates and temporarily fill the position under Cleveland Civil Service Rule 6.70(A). Appellants argue that Bates's affidavit fails to indicate that he would not accept a temporary appointment to the position. They also claim there is evidence showing that he made false statements on his application and that there are genuine issues as to whether Cleveland Civil Service Rule 5.30 complies with the Charter of the City of Cleveland, Section 128, and whether the City should have disqualified Bates from further employment consideration.

{¶13} The problem with appellants' argument is that it is based on speculation concerning future events that may never occur. There is no real controversy between the parties.

> A "controversy" exists for purposes of a declaratory judgment when there is a genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Wagner v. Cleveland*, 62 Ohio App.3d 8, 13, 574 N.E.2d 533 (8th Dist.1988), citing *Burger Brewing Co.*, 34 Ohio St.2d 93, 97, 296 N.E.2d 261. As reflected above, the eligibility lists were declared void and Bates has no interest in reapplying for the position.

As such, the present matter is moot and is no longer ripe for review. Further, insofar as appellants claim the City's civil service rules are not in compliance with the Cleveland charter, the matter is not of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. The Ohio Supreme Court recently reiterated that for a justiciable question to exist, there must be an actual, present controversy that will result in certain rights or status being conferred upon the litigants, as opposed to one that is contingent on the happening of hypothetical future events. *Arnott*, __ Ohio St.3d __, 2012-Ohio-3208, __ N.E.2d __, at ¶ 10, citing *Mid-Am. Fire & Cas. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142.

**{¶14}** Accordingly, we find no abuse of discretion and conclude the trial court properly granted summary judgment and dismissed the action. Appellants' first assignment of error is overruled.

**{¶15}** Appellants' second assignment of error provides as follows:

The trial court erred in its December 30, 2011 journal entry, granting defendants' motion for summary judgment, by failing to construe the documents at issue and declare the rights of the parties.

**{¶16}** Because appellants did not meet the requirements for declaratory relief, the trial court was not required to construe the documents or declare the rights of the parties in this action. Appellants' second assignment of error is overruled.

**{¶17}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

COLLEEN CONWAY COONEY, P.J., and
KENNETH A. ROCCO, J., CONCUR