[Cite as *Barberton Hosp. v. Hughes*, 2013-Ohio-5800.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BARBERTON HOSPITAL

    Appellee

    v.

JOANNA HUGHES

    Appellant

C.A. No.    26783

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    11 CVF 1390

DECISION AND JOURNAL ENTRY

Dated: December 31, 2013

WHITMORE, Judge.

{¶1} Defendant-Appellant, Joanna Hughes, appeals from the judgment of the Barberton Municipal Court. This Court affirms in part and reverses in part.

I

{¶2} In April 2006, Hughes and Ray Beatty were separated but still legally married. At that time, Beatty was the custodial parent of their minor child, R.B. Twice during that month, Hughes brought R.B. in to Plaintiff-Appellee, Barberton Hospital, for treatment. R.B. was not covered by health insurance.

{¶3} In June 2011, Barberton Hospital filed a complaint against Hughes seeking a judgment on an account. The hospital attached a summary of charges related to the child's treatments in April 2006, which totaled $10,925.53. Hughes, acting pro se, filed a "motion to vacate." Hughes requested the court "vacate" the case because: (1) the child was not in her

custody at the time of the treatment; (2) the child was receiving social security benefits; and (3) Hughes was unemployed and could not pay the bill.

{¶4} In January 2012, Barberton Hospital filed an amended complaint, adding Beatty as a co-defendant. Hughes did not respond. On November 30, 2011, the court held a hearing, at which Hughes appeared pro se. On January 2, 2013, the court entered a judgment against Hughes and Beatty, jointly and severally, for $10,925.53, plus interest. Hughes now appeals and raises three assignments of error for our review.[1]

## II

### Assignment of Error Number One

THE PRO SE DEFENDANT SUFFERED PLAIN ERROR BECAUSE THE AMENDED COMPLAINT CONTAINS ONE SENTENCE AND CONTAINS NO THEORY OF RECOVERY, WHICH DEPRIVED HER OF THE NOTICE REQUIREMENT OF THE RIGHT TO DUE PROCESS.

{¶5} In her first assignment of error, Hughes argues that her due process rights were violated because the complaint does not detail a theory of recovery and this prevented her from raising any defenses. Hughes acknowledges that she did not object to the alleged deficiencies in the complaint, but requests that we apply a plain error analysis.

{¶6} "[T]he plain error doctrine is not favored [in civil cases] and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. Plain error presupposes that there was an error.

---

[1] Beatty is not a party to this appeal.

{¶7} "A pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A). If the claim is based on an account, a copy of the account must be attached to the pleading. Civ.R. 10(D)(1). To properly plead an action on an account, an account must show the name of the party charged and detail a balance that is a provable sum. *See Capital One Bank v. Nolan*, 4th Dist. Washington No. 06CA77, 2008-Ohio-1850, ¶ 9.

{¶8} Here, Barberton Hospital's complaint alleges that Hughes owes $10,925.53 plus interest "from 4-21-06 *according to the account hereto annexed* as 'Exhibit A.'" (Emphasis added.) The complaint requests a judgment against Hughes for that amount. The attached Exhibit A is a computer printout with three entries. The total balance shows $10,925.53 due ($9,321.53, $837, and $767, respectively). Hughes' name appears in the "Client/Account Names" column of each entry.

{¶9} Admittedly, Barberton Hospital's complaint is bare-boned. It does not explain anything about the debts incurred (i.e., that Hughes presented her minor child to Barberton Hospital for treatment, Barberton Hospital rendered treatment, no payments for treatment were made, and Hughes is liable for the debt as the child's parent). However, the pleading did provide Hughes with notice of the claim (an action on an account) against her. *See* Civ.R. 8(A) and 10(D)(1). Certainly Hughes would have been entitled to request a more definite statement under Civ.R. 12(E), however, she did not do so. Instead, Hughes responded with a request for the court to "vacate [the] case" because (1) she was not the custodial parent, (2) the minor child was receiving social security, and (3) Hughes was not working and could not afford to pay.

{¶10} Because the complaint provided Hughes with notice of the claim against her, her argument is without merit. Moreover, under the circumstances of this case, Hughes has neither explained nor convinced us that this is the rare case involving exceptional circumstances where the alleged error seriously affects the basic fairness, integrity, or public reputation of the judicial process, such that legitimacy of the underlying judicial process itself is challenged. *See Goldfuss*, 79 Ohio St.3d. at syllabus. Hughes' first assignment of error is overruled.

Assignment of Error Number Two

THE TRIAL COURT DEPRIVED HUGHES OF HER RIGHT TO DUE PROCESS WHEN IT HELD THAT FEDERAL LAW PROHIBITED TESTIMONY ABOUT WHAT MEDICAL SERVICES JUSTIFIED THE DOLLAR AMOUNT LEVIED IN THE DISPUTED MEDICAL BILLS.

{¶11} In her second assignment of error, Hughes argues that the court erred in prohibiting testimony regarding the specific medical services rendered because of federal privacy laws. We agree.

{¶12} The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") "governs the confidentiality of medical records and regulates how 'covered entities' can use or disclose 'individually identifiable health (medical) information (in whatever form) concerning an individual.'" *OhioHealth Corp. v. Ryan*, 10th Dist. Franklin No. 10AP-937, 2012-Ohio-60, ¶ 14, quoting *Stigall v. Univ. of Kentucky Hosp.*, E.D.Ky. No. 5:09-CV-00224-KSF, 2009 WL 3739385, *2 (Nov. 6, 2009). *See also* 45 C.F.R. §§ 160 and 164. A covered entity is defined as "(1) A health plan[;] (2) A health care clearinghouse[;] [or] (3) A health care provider who transmits any health information in electronic form in connection with a transaction covered by [45 C.F.R. Subtitle A, Subchapter C]." 45 C.F.R. § 160.103. In its brief, Barberton Hospital acknowledges that it is a covered entity. However, Hughes, as an individual person, is not covered by HIPAA.

{¶13} At trial, Barberton Hospital presented Cathy Dixon, its supervisor of insurance collections, to testify as to the amount of the charges incurred for the medical care and treatment of R.B. On cross-examination, Hughes asked Dixon to identify the kinds of services provided on the dates of treatment. Dixon testified that she did not have access to that information and that she only had documentation to verify the amounts charged. Hughes then questioned whether there was any record of the kinds of services rendered. Dixon replied:

> The services are within the Medical Records Department at the hospital for the patient. However, that does not leave. I have the bills here, not the actual diagnosis or any treatment given to the patient on that day.

Hughes stated she had nothing further for Dixon, and counsel for the hospital argued that "[e]verything else [outside of the billed amounts] is specific treatment to the (inaudible)." The trial court responded, "[b]ecause of HIP[A]A. All right. Very good."

{¶14} After the hospital rested, and immediately before Hughes presented her case-in-chief in her defense, the trial court reiterated to Hughes that she would not be permitted to address any specifics regarding the nature of the child's medical issues. Specifically, the trial court warned:

> The [hospital's] attorney has rightfully mentioned that the HIP[A]A rules prevent them from discussing, in open Court, in an action for money the nature of what her illness was. Now you are the guardian, although part of your defense is that you weren't the guardian. I guess I have to kind of caution you that, you know, if you wish to some how or another discuss what her medical situation was, there may[ ]be some potential pitfalls and penalties attached to violation of the HIP[A]A rules. I really can't go into all of them right now. I just know that there is a reason. But at the end of the day, really this is an action for money and why you don't feel you are the obligatory, so to speak. So you want to kind of focus your presentation along those lines. That's probably the best advice I can give you.

{¶15} Hughes, however, was not a covered entity, and therefore, was not governed by HIPAA. Further, while Barberton Hospital is a covered entity, there is an exception for

disclosure of protected information for payment. 45 C.F.R. § 164.502(a)(1)(ii). "HIPAA permits the use or disclosure of individually identifiable health information when it is for purposes of obtaining payment, as is the situation here." *Ryan*, 2012-Ohio-60, at ¶ 15.

**{¶16}** The court erroneously informed Hughes that her testimony about her daughter's "medical situation" might violate HIPAA and that she might be subject to penalties for the violation. After reviewing the record, we conclude that this misstatement of the law materially prejudiced Hughes in her ability to present her defense. Therefore, we reverse the judgment against her, and remand for a new trial.

**{¶17}** Hughes' second assignment of error is sustained.

Assignment of Error Number Three

HUGHES SUFFERED A VIOLATION OF HER RIGHT TO DUE PROCESS WHEN THE TRIAL COURT RULED THAT SHE WAS LIABLE FOR UNPRODUCED MEDICAL BILLS FOR SERVICES WITHOUT KNOWING WHAT THOSE SERVICES WERE[] DUE TO FEDERAL PRIVACY LAWS.

**{¶1}** In her third assignment of error, Hughes argues that the court erred in finding that she was liable for medical bills when no evidence of the services provided was presented. In light of our resolution of her second assignment of error, her third assignment of error is moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

III

**{¶1}** Hughes' first assignment of error is overruled. Her second assignment of error is sustained, and her third assignment of error is moot. The judgment of the Barberton Municipal Court is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,

reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

 

 

BETH WHITMORE
FOR THE COURT

 

BELFANCE, P. J.
CARR, J.
CONCUR.

 

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

BENJAMIN G. CHOJNACKI and MICHAEL T. WILLIAMS, Attorneys at Law, for Appellee.