[Cite as *Renne v. Summa Health Sys.*, 2024-Ohio-5590.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MICHAEL A. RENNE, as Guardian of the
Estate of L.P., a minor

      Appellee

      v.

SUMMA HEALTH SYSTEM, et al.

      Appellants

C.A. No.     31046

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2020-02-0578

DECISION AND JOURNAL ENTRY

Dated: November 27, 2024

CARR, Judge.

**{¶1}** Defendants-Appellants Summa Health System, Summa Health, and Summa Physicians, Inc. (collectively "Summa") appeal the decision of the Summit County Court of Common Pleas granting a motion to compel. This Court affirms.

I.

**{¶2}** In the early morning hours of February 12, 2019, O.P., who was pregnant with L.P., arrived at Summa Health complaining of abdominal pain. An emergent cesarean section was ordered around 6:00 a.m. and L.P. was born at 6:33 a.m. L.P. was alleged to suffer severe and permanent injuries related to his delivery and birth.

**{¶3}** In February 2020, O.P. filed a complaint against Summa and other named physicians, who have not filed a notice of appeal in this matter. The complaint was subsequently amended to name Plaintiff-Appellee Michael A. Renne as the Guardian of the Estate of L.P. Later, O.P. filed a notice of voluntary dismissal of her claims.

{¶4} During the course of discovery, Mr. Renne learned that the attending physician charted that she was not in O.P.'s room when the decision to perform a cesarean section was made, that the attending physician was dividing her time between two operating rooms, and that the attending physician was present for the time out and entire procedure performed on O.P. Because of this, Mr. Renne propounded an interrogatory, which reads:

> Identify each instance [the attending physician], on February 12, 2019, signed and/or charted an operative note or progress note indicating she was present for an entire procedure. For each such instance, identify means the time the note was signed, the time the procedure started, the time the incision(s) was made, and the time the procedure ended.

{¶5} Summa Health objected to the interrogatory asserting it was vague, ambiguous, unclear, overly broad and burdensome, sought irrelevant information, and sought privileged non-party health information protected by Ohio's physician-patient privilege and HIPAA. When the issue could not be resolved between the parties, Mr. Renne filed a motion to compel Summa Health to respond to the interrogatory. Summa Health and Summa Health System responded in opposition arguing, inter alia, that the information sought was privileged under the physician-patient privilege (R.C. 2317.02) and HIPAA. Mr. Renne filed a reply. In February 2024, the trial court issued an entry granting the motion to compel as follows:

> Within fourteen days from the date this order is filed, Defendant shall identify each instance [the attending physician], on February 12, 2019, between 6:00 a.m. and 6:33 a.m., signed and/or charted an operative note or progress note indicating she was present for an entire procedure. For each such instance, identify means the time the note was signed (the contents of the note shall not be disclosed), the time the procedure started (the procedure shall not be identified), the time the first incision(s) was/were made, and the time the procedure ended (the procedure shall not be identified). Defendant shall identify [the attending physician's] location relevant to the signing/charting and shall not disclose identifying information of the nonparty.

{¶6} Summa has appealed raising a single assignment of error for our review.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO ANSWER INTERROGATORY NO. 33 WHICH REQUIRES THE PRODUCTION OF PERSONAL MEDICAL INFORMATION OF NON-PARTY PATIENTS IN VIOLATION OF [R.C.] 2317.02(B)(1), OHIO'S PHYSICIAN-PATIENT PRIVILEGE, AND THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT (HIPAA)[.]

{¶7} Summa argues in its sole assignment of error that the trial court erred in granting Mr. Renne's motion to compel. Summa maintains that the operative or progress note mentioned in the interrogatory is part of a non-party's medical record and the information therein is therefore protected from disclosure by R.C. 2317.02(B)(1) and HIPAA.

### Review of Discovery Orders

{¶8} "Parties have a right to liberal discovery of information under the Rules of Civil Procedure." *Ward v. Summa Health Sys.*, 2010-Ohio-6275, ¶ 9. The scope of which is governed by Civ.R. 26(B)(1), which states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

{¶9} "Ordinarily, a discovery dispute is reviewed under an abuse-of-discretion standard. However, if the discovery issue involves an alleged privilege, as in this case, it is a question of law that must be reviewed de novo." (Internal quotations and citations omitted.) *Ward* at ¶ 13. "The party claiming the privilege has the burden of proving that the privilege applies to the requested information." *Giusti v. Akron Gen. Med. Ctr.*, 2008-Ohio-4333, ¶ 17 (9th Dist.) (involving the

peer-review privilege); *see also Loparo v. Univ. Hosps. Health Sys., Inc.*, 2024-Ohio-663, ¶ 9 (8th Dist.).

### Physician-Patient Privilege

{¶10}  Because the physician-patient privilege did not exist at common law, it must be strictly construed against the party seeking to assert it and must only be applied in those situations set forth in the statute.  *Ward* at ¶ 15.

{¶11}  R.C. 2307.02 provides that certain persons shall not testify in certain respects.  R.C. 2307.02(B)(1) states, in part, as follows:

> A physician, advanced practice registered nurse, or dentist concerning a communication made to the physician, advanced practice registered nurse, or dentist by a patient in that relation or the advice of a physician, advanced practice registered nurse, or dentist given to a patient, except as otherwise provided in this division, division (B)(2), and division (B)(3) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician or advanced practice registered nurse may be compelled to testify on the same subject.

Under the statute, "communication" means "acquiring, recording, or transmitting any information, in any manner, concerning any facts, opinions, or statements necessary to enable a physician, advanced practice registered nurse, or dentist to diagnose, treat, prescribe, or act for a patient.  A 'communication' may include, but is not limited to, any medical or dental, office, or hospital communication such as a record, chart, letter, memorandum, laboratory test and results, x-ray, photograph, financial statement, diagnosis, or prognosis."  R.C. 2317.02(B)(5)(a).  "Medical records are *generally* privileged from disclosure under R.C. 2317.02(B)(1)."  (Emphasis added.) *Med. Mut. of Ohio v. Schlotterer*, 2009-Ohio-2496, ¶ 14.  Nonetheless, the Supreme Court has "never held that the physician-patient privilege provides absolute protection against the disclosure of medical information."  *Ward*, 2010-Ohio-6275, at ¶ 29.  "A trial court does not err in granting a motion to compel discovery when a party claiming privilege fails to demonstrate that the

requested health information is a communication between a provider and patient for diagnosis or treatment or otherwise protected from disclosure." *Loparo* at ¶ 22.

{¶12} The interrogatory states:

Identify each instance [the attending physician], on February 12, 2019, signed and/or charted an operative note or progress note indicating she was present for an entire procedure. For each such instance, identify means the time the note was signed, the time the procedure started, the time the incision(s) was made, and the time the procedure ended.

{¶13} This Court does not disagree that the language used is somewhat confusing and unclear. However, what Mr. Renne sought was further explained in the motion to the compel. Mr. Renne essentially sought to clarify the attending physician's whereabouts on the day of L.P.'s birth by learning the precise times certain events happened during procedures the attending physician was present for. This was even further narrowed by the trial court's order which limited the disclosure to

each instance [the attending physician], on February 12, 2019, between 6:00 a.m. and 6:33 a.m., signed and/or charted an operative note or progress note indicating she was present for an entire procedure. For each such instance, identify means the time the note was signed (the contents of the note shall not be disclosed), the time the procedure started (the procedure shall not be identified), the time the first incision(s) was/were made, and the time the procedure ended (the procedure shall not be identified). Defendant shall identify [the attending physician's] location relevant to the signing/charting and shall not disclose identifying information of the nonparty.

{¶14} Given the specific facts before us, we cannot say that Summa has met its burden either in the trial court or on appeal to demonstrate that the information sought to be produced was privileged. *See Giusti*, 2008-Ohio-4333, at ¶ 17 (9th Dist.). Specifically, Summa has not explained how the information constitutes a communication as defined in the statute. While it is true that a communication "may include" a medical record, R.C. 2317.02(B)(5)(a), first and foremost, a communication concerns "facts, opinions, or statements *necessary* to enable a physician, advanced

practice registered nurse, or dentist to diagnose, treat, prescribe, or act for a patient." (Emphasis added.) *Id*. Summa has offered no explanation as to *how* this precise information Summa has been ordered to provide is or was "necessary to enable a physician, advanced practice registered nurse, or dentist to diagnose, treat, prescribe, or act for a patient." *Id.* Instead, in its response in opposition in the trial court and on appeal, it merely states that this information is necessary to treat or act for the non-party patient without offering any explanation as to why that would be the case. Essentially, it seems Summa would have this Court conclude that if information is contained in a medical record, the information is privileged. However, that is not what the statute provides. While there is undoubtedly privileged information contained in medical records, we are unwilling to summarily conclude that all information in all medical records is privileged given the language of the statute at issue. Summa is required to demonstrate that the information at issue is privileged, *Giusti* at ¶ 17, and in this instance that means demonstrating that the information constitutes a communication. R.C. 2307.02(B)(5)(a). Notably, "[c]ourts have consistently held that health information, such as provider names, triage priority data, and time data (ex., triage times, discharge times, and treatment times), are not privileged because they do not involve communications as defined in R.C. 2317.02." *Loparo*, 2024-Ohio-663, at ¶ 30 (8th Dist.).

### HIPAA

{¶15} "The HIPAA Privacy Rule provides to patients certain rights regarding their protected health information." *Menorah Park Ctr. For Senior Living v. Rolston*, 2020-Ohio-6658, ¶ 20; *see also Barberton Hosp. v. Hughes*, 2013-Ohio-5800, ¶ 12 (9th Dist.) ("The Health Insurance Portability and Accountability Act of 1996 (HIPAA) governs the confidentiality of medical records and regulates how covered entities can use or disclose individually identifiable

health (medical) information (in whatever form) concerning an individual.")  (Internal quotations omitted.).

Protected health information means individually identifiable health information:

(1) Except as provided in paragraph (2) of this definition, that is:

(i) Transmitted by electronic media;

(ii) Maintained in electronic media; or

(iii) Transmitted or maintained in any other form or medium.

(2) Protected health information excludes individually identifiable health information:

(i) In education records covered by the Family Educational Rights and Privacy Act, as amended, 20 U.S.C. 1232g;

(ii) In records described at 20 U.S.C. 1232g(a)(4)(B)(iv);

(iii) In employment records held by a covered entity in its role as employer; and

(iv) Regarding a person who has been deceased for more than 50 years.

45 C.F.R. 160.103.  Individually identifiable health information

is information that is a subset of health information, including demographic information collected from an individual, and:

(1) Is created or received by a health care provider, health plan, employer, or health care clearinghouse; and

(2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and

(i) That identifies the individual; or

(ii) With respect to which there is a reasonable basis to believe the information can be used to identify the individual.

*Id*.

**{¶16}**  Summa has offered no explanation as to how the information it is required to disclose constitutes protected health information, as there is nothing that suggests the information

is individually identifiable health information; Summa has not shown that the information will identify any patient or could be used to identify any patient. *Id.*; *see also Loparo*, 2024-Ohio-663, at ¶ 20 (8th Dist.) Accordingly, Summa has also failed to meet its burden to demonstrate the material is protected by HIPAA.

**{¶17}** Summa's assignment of error is overruled.

### III.

**{¶18}** Summa's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

GREGORY T. ROSSI, ROCCO D. POTENZA, and EMILY R. YODER, Attorneys at Law, for Appellants.

LISA B. WEINSTEIN, EDWARD J. AUCOIN and JAMES B. PURITZ, Attorneys at Law, for Appellee.

PAMELA PANTAGES, Attorney at Law, for Appellee.